IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGE WASHINGTON HICKS, JR.,** **#665051,** | § § | |
| Petitioner, | § | |
| v. | § § | Civil Action No. **3:16-CV-2168-L-BK** |
| **LORIE DAVIS, Director,** **Texas Department of Criminal Justice,** **Correctional Institutions Division,** | § § § § | |
| Respondent. | § § | |

# ORDER

The case was referred to United States Magistrate Judge Renée Harris Toliver, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 31, 2018, recommending that the court dismiss with prejudice this habeas action because Petitioner's claims are either procedurally barred or fail on the merits.

Petitioner filed objections to the Report, requesting that court instead dismiss without prejudice his claims for failure to exhaust administrative remedies. Alternatively, Petitioner states that, if the court is not inclined to dismiss without prejudice his habeas petition in its entirety, he would like to pursue only his sixth claim for alleged due process violations based on pre-indictment delay.

The magistrate judge, however, did not conclude that any of Petitioner's claims fail because they are unexhausted. She, instead, concluded that Petitioner's claims fail because they are either procedurally barred or fail on the merits. Dismissal without prejudice is, thus, inappropriate. Moreover, Petitioner's contentions regarding his "due process pre-indictment delay claim" are insufficient to overcome the reasoning in the Report that Petitioner has failed to demonstrate that the

**Order – Page 1**

state court's decision in rejecting this claim and finding no due process violation was contrary to or an unreasonable application of clearly established federal law.

Accordingly, after carefully reviewing the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, **overrules** Petitioner's objections, and **dismisses with prejudice** this habeas action for the reasons stated in the Report.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (**b**)     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 9th day of April, 2018.

Sam A. Lindsay
United States District Judge